UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES B. NORRIS, JR.,       )
                                  )
               Petitioner,      )
                                  )
    vs.                       )    Case No. 4:10CV00247 SNLJ
                                  )
UNITED STATES OF AMERICA,   )
                                  )
              Respondent.    )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Norris' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence."   The government has filed a response, and the matter is now ripe for adjudication.

I.      Procedural History

During April, 2008, petitioner was indicted on one count of Possession of Child Pornography in *United States v. James B. Norris, Jr.*, 4:08CR00238 SNLJ.

On November 19, 2008, petitioner pled guilty to the charge in the indictment of Possession of Child Pornography.  In his plea agreement, petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  Plea Agreement, Guidelines Recommendations and Stipulations, p.3. [Document 28].

On February 18, 2009, this Court sentenced petitioner to imprisonment for a term of 37 months.  Petitioner was also sentenced to a lifetime term of supervised release to begin upon his release from custody.

On February 8, 2010, petitioner filed his motion under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence. This is petitioner's first motion under Section 2255.

II.     Summary of Claims

Petitioner makes five broad claims in his Section 2255 Motion: 1) he received ineffective assistance of counsel when counsel failed to file a notice of appeal after being requested to do so; 2) he received ineffective assistance of counsel by counsel failing to investigate the facts of the case, in particular whether petitioner was responsible for knowingly placing child pornography images on his computer; 3) the government failed to establish a factual basis for the element of interstate commerce; 4) he received ineffective assistance of counsel by counsel failing to object to the government's failure to establish the element of interstate commerce relative to the child pornography images; and, 5) he received ineffective assistance of counsel by counsel failing to move to dismiss the indictment for a violation of the Speedy Trial Act. In his plea agreement, movant agreed to waive all his Section 2255 rights except for claims of prosecutorial misconduct and ineffective assistance of counsel. Thus, all claims except for ineffective assistance of counsel shall be dismissed on the basis that movant waived his right to bring such claims. Petitioner's remaining claims are refuted by the record and an attached affidavit of plea counsel, and therefore, a hearing is not required. All of petitioner's claims should be denied.

III.    Legal Standards for Review of Claims

In order to obtain relief under the Sixth Amendment for ineffective assistance of counsel, a petitioner must show that his counsel's performance was both deficient and prejudicial. *Strickland v. Washington*, 466 U.s. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill,* 474 U.S. at 56-7 (citing *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). In order to prevail on an ineffective assistance of counsel claim after a guilty plea, petitioner must show that counsel's performance was deficient under *Strickland* and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. This assessment "will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Id.*

IV.    Discussion

A.    Movant Waived His Appeal Rights And Can Show No Deficiency By
      Counsel and No Prejudice From His Counsel's Failure to File A Notice
      Of Appeal.

Movant first claims ineffective assistance of counsel due to his attorney's failure to file a notice of appeal, yet movant waived any right to appeal from this Court's judgment and sentence and, thus, movant can show neither deficiency by his counsel nor prejudice. In fact, movant has not even alleged prejudice in this regard, as he has not even suggested a ground for direct appeal.

In his written Plea Agreement, movant agreed to waive all rights to appeal all non-sentencing issues, as well as sentencing issues if the Court applied the guideline

recommendations agreed to by the parties and sentenced movant within that sentencing guideline range:

C.       **Waiver of Post-Conviction Rights:**

(1) **Appeal**: The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(a) Non-Sentencing Issues: In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(b) Sentencing Issues: In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, or the Criminal History Category.

(2) ***Habeas Corpus***: The defendant acknowledges being guilty of the crime to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement, p. 3).   In the instant case, the parties recommended a Total Offense Level of 21 which would result in a sentencing guideline range of 37 to 46 months imprisonment (Plea Agreement, p. 7).   At the time of the plea hearing, this Court determined that movant had reviewed the Plea Agreement, had gone over it with his counsel, understood the Plea Agreement in its entirety, and had no questions concerning the Plea Agreement.

Court:          And have you read this document [Plea Agreement]?

Movant:         Yes, sir.

- 4 -

| | | |
|---|---|---|
| Court: | Have you gone over it completely and thoroughly with your lawyers? | |
| Movant: | Yes, sir. | |
| Court: | Do you understand everything that's contained in the document? | |
| Movant: | Yes, sir. | |
| Court: | They've explained everything to you that you might have had questions about? | |
| Movant: | Yes, they did. | |
| Court: | Is there anything in here that you do not understand? | |
| Movant: | No, sir. | |

(Plea Transcript, p. 8). At the time of sentencing, this Court sentenced movant at the low end of the parties' recommended guideline range, to 37 months' imprisonment, pursuant to the Plea Agreement. Thus, movant has waived any right to appeal all non-sentencing and sentencing issues. Movant's counsel was not deficient in failing to file a notice of appeal under these circumstances. Further, movant cannot show any prejudice whatsoever in his counsel's failure to file a notice of appeal, assuming for argument's sake only that movant did, in fact, request that such a notice of appeal be filed. In his pleadings, movant does not suggest any basis whatsoever for a direct appeal. That, coupled with the enforceable appellate waiver, supports a denial of movant's claim on this issue. Movant's appellate waiver is enforceable, and his argument here is without merit. *United States v. Smith*, 584 F.3d 1127, 118 (8th Cir. 2009)(upholding a finding of appellate waiver under similar plea agreement language); *United States v. Sisco*, 576 F.3d 791, 795-96 (8th Cir. 2009).

B.     Movant's Claim That His Counsel Failed To Conduct A Proper Investigation Of The Facts Is Without Merit, Based Upon The Plea Hearing.

At the time of movant's guilty plea hearing, movant stated under oath that he was satisfied with the assistance given him by both of his defense counsel. (Plea Transcript, p. 5) Further, movant stated that his counsel had done everything that he had required of them, and that there was nothing that they had failed to do.

| | |
|---|---|
| Court: | Are you satisfied with the way that both of them have represented you? |
| Movant: | Yes. |
| Court: | Have they done everything that you've asked them to do? |
| Movant: | I believe so, yes. |
| Court: | Is there anything that you've asked them to do that they have not done? |
| Movant: | No, sir. |
| Court: | No complaints about your lawyers? |
| Movant: | No, sir. |

(Plea Transcript, pp. 5-6).   Thus, despite having been given the opportunity, movant failed to raise this claim at the appropriate time before this Court, and therefore, movant's current claim lacks any and all credibility.  Further, and significantly, movant's claim here is specific as to his allegation that he "did not download the prohibited images".  Yet, on this Court's review of movant's sworn statements made at the time of his guilty plea hearing, the Court finds this claim is without merit.  At the time of movant's guilty plea, the Court required the government to present a factual basis for the guilty plea.  After describing the prohibited child pornography

images in great detail, the government stated:

> Further, there would be testimony and evidence concerning the fact that the internet is a computer communications network using interstate and foreign telephone lines to transmit data streams including data streams used to store and transfer and receive graphic files. *And the evidence in this case would show that the defendant did receive those images I have described through the internet...*

(Plea Transcript, p. 13)(*emphasis* added).  Movant then acknowledged that the government's recitation of those facts, including movant's receipt of the prohibited images, was true and accurate.

| | |
|---|---|
| Court: | All right. Mr. Norris, you heard the recitation by the government's attorney? |
| Movant: | Yes, sir. |
| Court: | Is everything he said true and correct? |
| Movant: | Yes, sir. Yes. |
| Court: | Is there anything he said that is not true? |
| Movant: | No. |
| Court: | So you admit all of the factual recitation that he just brought to our attention? |
| Movant: | Yes. |

(Plea Transcript, p. 14).  Thus, again, movant stated under oath at the time of his guilty plea hearing that he had, in fact, personally been involved in receiving child pornography images which were the subject of the charge against him.  This Court finds that movant's sworn statements at the time of his guilty plea were true and accurate and, therefore, his claim here is without merit.

C.    Movant's Claim That The Government Failed To Establish A Factual
Basis For The Element Of Interstate Commerce Is Without Merit,
Based Upon The Plea Hearing And The Applicable Law.

For the same reasons set out above, this claim fails too. In addition, this Court notes that

this particular claim does not suggest ineffective assistance of counsel or prosecutorial

misconduct and, therefore, should be deemed waived by this Court.  A knowing and voluntary

waiver of Section 2255 rights is enforceable just as is the waiver of appeal rights.  *United States*

*v. DeRoo*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Chesney*, 367 F.3d 1055, 1059 (8th

Cir. 2004).  However, such waivers generally do not extend to ineffective assistance of counsel

claims.  *Chesney*, 367 F.3d at 1059.  In the instant case, movant knowingly and voluntarily

waived his Section 2255 rights with the exception of claims of ineffective assistance of counsel

and prosecutorial misconduct.  Thus, movant's instant claim, unrelated to ineffectiveness of

counsel and prosecutorial misconduct, should be dismissed because of his waiver.  However, this

Court will address this claim on substantive grounds despite the fact that defendant has waived

such claim.

Clearly, the government stated a sufficient and accurate factual basis at the time of

movant's guilty plea relative to the requisite third element of the charged offense, that the images

of child pornography possessed by movant were contained on material that had been transported

in interstate commerce and were themselves transported in interstate commerce. At the time of

his guilty plea, movant acknowledged, under oath, that the government's factual recitation was

true, and he had in fact received the child pornographic images via the internet, "a computer

communications network using interstate and foreign telephone lines to transmit data streams

including data streams used to store and transfer and receive graphic files".   The jurisdictional basis for prosecution of possession of child pornography based upon the images and materials being transported in interstate commerce has long been approved.  *United States v. Megan*, 394 F.3d 1016 (8th Cir. 2005); *United States v. Hampton*, 260 F.3d 832 (8th Cir. 2001); *United States v. Haggard*, 254 F.3d 744, 746 (8th Cir. 2001); *United States v. Busch*, 140 F.3d 739, 741 (8th Cir. 1998).   Movant's claim here is without merit.

> D.      Movant's Claim That Counsel Was Ineffective In Failing To Object
> To The Government's Purported Failure To Establish The Element Of
> Interstate Commerce Is Without Merit, Based Upon The Plea Hearing
> And The Applicable Law.

For the same reasons set out above in paragraphs B and C, this claim fails, too.

As stated above, the government set forth a proper and sufficient factual basis at the time of Movant's plea hearing, including a factual basis to establish the requisite interstate nexus. Movant acknowledged and admitted, under oath, that the government's factual basis on this point was true and correct.  The law is clear on this point as well:   The jurisdictional basis for prosecution of possession of child pornography may be based upon the images and materials being transported in interstate commerce, including through the computer based internet as was done here.  Any objection on this point by movant's counsel at the time of the guilty plea hearing would have been without merit, as is movant's post-conviction claim here.

> E.      Movant's Claim That Counsel Was Ineffective In Failing To Move For
> A Dismissal Of The Indictment On Speedy Trial Grounds Is Without
> Merit.

This Court first notes that movant had two defense counsel representing him in his underlying case.  Initially, Bradford Kessler represented movant and then, on July 2, 2008,

Michael Katz entered his appearance as co-counsel (Doc. 15). Significantly, on July 2, 2008, at the time Katz entered as co-counsel, movant, through counsel, formally waived his right to a speedy trial before this Court (Doc. 16). Movant's speedy trial waiver was "made knowingly, voluntarily and with a complete understanding of the consequences of said waiver" (Doc. 16).

At the time of movant's guilty plea hearing, this Court carefully reviewed with movant the rights he was giving up by pleading guilty, including his right to a speedy trial:

| Court: | First of all, of course, you're entitled to the right to a speedy trial by judge or jury. You're going to give up that right to a trial. Is that what you want to do? |
|---|---|
| Movant: | Yes, sir. |

.    .    .    .    .

| Court: | Well, again, by pleading guilty, you're going to waive your right to a trial and all those rights that I've just described. Are you sure that that's what you want to do this morning? |
|---|---|
| Movant: | Yes, sir. |

(Plea Transcript, pp 6-7). Thus, at the time of movant's guilty plea, he stated under oath and unequivocally that he understood his right to a speedy trial and, further understood that by pleading guilty he was knowingly and voluntarily giving up that right. Of course, movant, by pleading guilty, waived any right to a speedy trial and waived any potential objection he might have had to any potential speedy trial violation. *United States v. Harris*, 347 Fed. Appx. 256 (8th Cir. 2009)(unpublished); *United States v. Bloomfield*, 6 Fed. Appx. 558, 559 (8th Cir. 2001)(unpublished); *United States v. Lockhart*, 970 F.2d 448, 453 (8th Cir. 1992). Movant's final claim here is without merit.

For the foregoing reasons, this Court **DENIES** petitioner's Motion Under 28 U.S.C.

Section 2255 to Vacate, Set Aside or Correct Sentence.

**SO ORDERED** this 8th day of July, 2010.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE